# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CANVA US, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| DIGIMEDIA TECH, LLC, a Georgia limited liability company, and IP INVESTMENTS GROUP, LLC, a Georgia limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Plaintiff Canva US, Inc. ("Canva"), through its undersigned counsel, hereby alleges as follows against Defendants DigiMedia Tech, LLC ("DigiMedia") and IP Investments Group, LLC ("IP Investments") (collectively, "Defendants"):

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgement against Defendant DigiMedia that Canva does not infringe U.S. Patent Nos. 7,287,088 (the "'088 Patent"), 7,587,514 (the "'514 Patent"), 8,073,965 (the "'965 Patent"), and 8,868,778 (the "'778 Patent") (collectively, the "Patents-in-Suit").

2.      This is also an action for a judgment that Defendants DigiMedia and IP Investments violated the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-771, by making bad faith assertions of patent infringement.

3.      Defendants have made baseless assertions that Canva's online visual communications and collaboration platform infringes certain patents, followed immediately by an attempt to license to Canva those (non-infringed) patents along with "approximately 800 patent assets" that purportedly make up the so-called "Brainbox-related patent portfolios."  Canva does not infringe the patents asserted by Defendants, and declaratory judgment of non-infringement is appropriate. Further, Defendants' patent infringement claims are meritless and were made in bad faith, lacking in any factual support whatsoever.  Defendants' licensing offer letter contains no factual allegations as to what part of the Canva online platform is alleged to infringe the patents and does not identify the "approximately 800 patent assets" that purportedly make up the "Brainbox-related patent portfolios." Judgement is therefore also appropriately entered in Canva's favor and against Defendants under the Georgia Fair Business Practices Act.

## THE PARTIES

4.       Canva US, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Austin, Texas.

5.      On information and belief, DigiMedia Tech, LLC is a Limited Liability Company organized under the laws of Georgia with its principal office address at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009.

6.      On information and belief, IP Investments Group, LLC is a Limited Liability Company organized under the laws of Georgia with its principal office address at Day Building, Suite 230, 4725 Peachtree Corners Circle, Peachtree Corners, Georgia, 30092.

## **JURISDICTION AND VENUE**

7.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

8.      This action also arises under the Georgia Fair Business Practices Act enacted by the State of Georgia at O.C.G.A. § 10-1-770 *et seq.*, prohibiting bad faith assertions of patent infringement.

9.      This Court has subject matter jurisdiction over the claims for declaratory judgment alleged against DigiMedia in this action at least under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, because this Court has original, exclusive jurisdiction over declaratory judgment claims arising under the patent laws pursuant to these statutes.

10.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Canva's state law Georgia Fair Business Practices Act claim alleged against Defendants DigiMedia and IP Investments, as those claims arise out of the same case or controversy as its declaratory judgment claim for which this Court has original jurisdiction.

11.     This Court also has diversity jurisdiction over Canva's state law Georgia Fair Business Practices Act claim alleged against Defendants DigiMedia and IP Investments under 28 U.S.C. § 1332.  The requirements for diversity jurisdiction are met as Canva is incorporated in a state (Delaware) and has its

principal places of business in a state (Texas) that are different from the state of Georgia, in which, on information and belief, Defendants DigiMedia and IP Investments have their principal places of business and under the laws of which Defendants DigiMedia and IP Investments are organized, and because the amount in controversy exceeds $75,000.  Specifically, Defendants' unfair and unlawful acts have harmed Canva, including by necessitating the filing of this litigation and forcing Canva to defend against its baseless claims in the Texas Litigation and herein, causing time and expense, and also give rise to punitive damages under O.C.G.A. § 10-1-773.

12.    This Court has personal jurisdiction over Defendant DigiMedia because DigiMedia is a limited liability company organized and existing under the laws of Georgia and having its principal place of business in Georgia and in this District.  This Court further has personal jurisdiction over DigiMedia because Canva's claim under the Georgia Fair Business Practices Act arises out of a letter sent by DigiMedia's agent IP Investments, acting on behalf of DigiMedia, from this District.

13.    This Court has personal jurisdiction over Defendant IP Investments because IP Investments is a limited liability company organized and existing under the laws of Georgia and having its principal place of business in Georgia and in this District.  This Court further has personal jurisdiction over IP Investments because Canva's claim under the Georgia Fair Business Practices Act arises out of a letter sent by IP Investments from this District.  On information and belief, IP Investments, from this District, further enforces the intellectual property rights of DigiMedia against other parties as well.

14.    For the foregoing reasons, venue in this District is proper under 28 U.S.C. § 1391(b)(1) and (2).

## **PATENTS-IN-SUIT**

15.    The '088 Patent, entitled "Transmission bandwidth and memory requirements reduction in a portable image capture device by eliminating duplicate image transmissions," issued on October 23, 2007.  A copy of the '088 Patent is attached as Exhibit A.

16.    DigiMedia asserts it is the present owner of the '088 Patent.  An assignment of the '088 Patent to DigiMedia was recorded in the USPTO at Reel/Frame 051463/0365 on January 3, 2020.

17.    The '514 Patent, entitled "Transmission bandwidth and memory requirements reduction in a portable image capture device," issued on September 8, 2009.  A copy of the '514 Patent is attached as Exhibit B.

18.    DigiMedia asserts it is the present owner of the '514 Patent.  An assignment of the '514 Patent to DigiMedia was recorded in the USPTO at Reel/Frame 051463/0365 on January 3, 2020.

19.    The '965 Patent, entitled "Transmission bandwidth and memory requirements reduction in a portable image capture device," issued on December 6, 2011.  A copy of the '965 Patent is attached as Exhibit C.

20.    DigiMedia asserts it is the present owner of the '965 Patent.  An assignment of the '965 Patent to DigiMedia was recorded in the USPTO at Reel/Frame 051463/0365 on January 3, 2020.

21.    The '778 Patent, entitled "Transmission bandwidth and memory requirements reduction in a portable image capture device," issued on October 21, 2014.  A copy of the '778 Patent is attached as Exhibit D.

22.    DigiMedia asserts it is the present owner of the '778 Patent.  An assignment of the '778 Patent to DigiMedia was recorded in the USPTO at Reel/Frame 051463/0365 on January 3, 2020.

23.     The patents identified in Paragraphs 15-22 are referred to herein as the "Patents-in-Suit."

### DECLARATORY JUDGMENT CLAIMS AGAINST DIGIMEDIA

24.     An actual, justiciable, substantial, and immediate case and controversy exists between Canva and Defendant DigiMedia under 28 U.S.C. §§ 2201–2202 as to whether the Patents-in-Suit are infringed.

25.     DigiMedia alleges that Canva's online visual communications and collaboration platform has and continues to infringe the Patents-in-Suit. These allegations are set forth in a Complaint filed August 18, 2025, against Canva-related entity Canva Pty Ltd in the Eastern District of Texas, *DigiMedia Tech, LLC v. Canva Pty Ltd*, Civil Action No. 2:25-cv-808 (E.D. Tex.) (the "Texas Litigation"). There is no basis for personal jurisdiction over named defendant Canva Pty Ltd in the Eastern District of Texas court, and Canva Pty Ltd will seek dismissal of the Complaint in the Texas Litigation on this basis. A copy of the Complaint in the Texas Litigation is attached as Exhibit E.

26.     Plaintiff Canva US, Inc.'s operations include providing the online visual communications and collaboration platform accused of infringement by DigiMedia in the Texas Litigation to users in the US. Canva Pty Ltd does not provide the platform to users in the US. DigiMedia's patent infringement assertions directed at Canva Pty Ltd establish that there is a case and controversy to support this declaratory judgment action by Plaintiff Canva US, Inc. here. Based on DigiMedia's claims in the Texas Litigation against Canva Pty Ltd, Canva faces a substantial risk that DigiMedia will assert the Patents-in-Suit against Canva US, Inc. Canva US, Inc. denies infringement of any of the Patents-in-Suit. A case or controversy therefore exists to support the declaratory relief sought in this case.

## DEFENDANTS' BAD FAITH ASSERTION OF PATENT INFRINGEMENT

27.    Defendants engage in abusive patent litigation, especially through the bad faith assertion of infringement claims.

28.    IP Investments is described on its website as follows: "IPinvestments (sic) Group monetizes patents by providing patent brokering and patent licensing services on a success fee (contingency fee) basis. … We broker high-value patents for acquisition, as well as develop and manage enforcement patent licensing programs for our clients, on a success fee basis." Ex. F, at p. 1 (https://ipinvestmentsgroup.com/).

29.    IP Investments' website also states, "We are a patent monetization company providing patent brokering and patent licensing services to patent owners. Our business primarily consists of three areas: Patent Brokering, Patent Licensing, and Patent Investments. We provide all of our services on a success fee (contingency fee) basis with no upfront fees, while giving our clients complete control throughout the process. Our professionals have generated hundreds of millions of dollars in patent sales and licensing transactions for our clients, which range from individual inventors to large publicly-traded companies, both in the US and around the world. … For our patent licensing services, we partner with patent owners to develop, implement, and manage patent enforcement licensing programs. As a member of the patent enforcement team, we are involved in all phases of the enforcement program, including the selection and retention of contingent fee patent litigators, the identification of potential infringers, settlement discussions, the negotiation of licensing terms with defendants, and development of overall program strategies and tactics." Ex. G, at p. 1 (https://ipinvestmentsgroup.com/our-services/).

30.    The website ZD Net, which reports on technology news, describes IP Investments as a patent "troll," an entity that asserts "low-quality patents [and] continue[s] to be a drain on innovation in the software industry and a threat to open

source." Ex. H, at pp. 2-3 (https://www.zdnet.com/article/open-source-zone-grinds-away-at-patent-trolls/).

31.     DigiMedia filed the Texas Litigation on August 18, 2025, asserting infringement of the Patents-in-Suit.  Ex. E, at ¶¶ 54-81.  DigiMedia has asserted these same or a subset of these same patents in at least eleven other cases, filed between June 28, 2024 and August 18, 2025, with ten being filed only recently, during the spring and summer of 2025.  Of these eleven cases, five of the earliest-filed cases settled very early in the proceedings.

32.     For example, on August 18, 2025, the same day that DigiMedia filed the Texas Litigation, DigiMedia filed two additional lawsuits against other entities (Craigslist, Inc. and Yelp Inc.) asserting the same four patents it asserts in the Texas Litigation, using complaints nearly identical to the complaint it filed in the Texas Litigation.  In another example, in June and July 2025, DigiMedia filed three lawsuits against other entities (Shutterfly, LLC, Airbnb, Inc., and CoStar Realty Information, Inc.) asserting the same four patents it asserts in the Texas Litigation and using nearly identical complaints.

33.     Michael McLaughlin, President & CEO of IP Investments, sent an email to a Canva employee (the "Demand Letter").  A copy of the emailed Demand Letter is attached as Exhibit I.  In the Demand Letter, Mr. McLaughlin references the Texas Litigation, stating "As you may know, DigiMedia Tech, LLC ('DigiMedia') recently filed a patent infringement lawsuit against Canva Pty Ltd. in the Eastern District of Texas for the following 4 DigiMedia patents …."  Ex. I, at p. 1.  The Demand Letter then lists the same four patents as asserted in the Texas Litigation (also the Patents-in-Suit here).  *Id.*

34.     The Demand Letter then states, "My firm, IPinvestments Group, is the exclusive licensing agent for the DigiMedia patent portfolio.  In addition, my firm is also the exclusive licensing agent for 5 other patent portfolios owned by

CommWorks Solutions, DataCloud Technologies, CDN Innovations, Kioba Processing, and Hanger Solutions.  Brainbox Innovations is the parent / 100% owner of all 6 of these entities.  Between these 6 entities, Brainbox owns / controls the monetization of approximately 800 patent assets." Ex. I, at pp. 1-2.

35.    The Demand Letter then states as follows:

> I have the authority to offer Canva the following deal (including a global license to all Brainbox-related patent portfolios):
>
> • Settle existing patent infringement lawsuit against Canva Pty Ltd in the Eastern District Court of Texas
> • Fully paid-up non-exclusive license and a release for past regarding the DigiMedia patent portfolio
> • Fully paid-up non-exclusive license and a release for past regarding the CommWorks patent portfolio
> • Fully paid-up non-exclusive license and a release for past regarding the CDN patent portfolio
> • Fully paid-up non-exclusive license and a release for past regarding the DataCloud patent portfolio
> • Fully paid-up non-exclusive license and a release for past regarding the Kioba patent portfolio
> • Fully paid-up non-exclusive license and a release for past regarding the Hanger patent portfolio
> • License Fee - $200,000

Ex. I, at p. 2.

36.    The Demand Letter does not include DigiMedia's address.  *See* Ex. I.

37.    The Demand Letter does not include claim charts and is devoid of any factual allegations concerning the specific areas in which Canva's products, services, and technology purportedly infringe or are covered by the claims of any of the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" that IP Investments offers to license to Canva, including the Patents-in-Suit.  *See* Ex. I, at p 2.  The Demand Letter does not state what part of Canva's online platform is alleged to include the patented systems or to practice the

methods of the four specifically identified patents, let alone the other patents included in the "Brainbox-related patent portfolios."

38.    Other than the four specifically identified patents, corresponding to the Patents-In-Suit, the Demand Letter does not state the patent numbers or identify the owners' or assignees' names or addresses for any others of the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" that IP Investments offers to license to Canva.  *See* Ex. I, at p 2.

39.    On information and belief, IP Investments has sent similar correspondence to the Demand Letter offering to license the Patents-in-Suit and the "Brainbox-related patent portfolios" to other parties.

## COUNT I

## Declaratory Judgment of Non-Infringement of the '088 Patent (against DigiMedia)

40.    Canva re-alleges and incorporates each of the allegations in Paragraphs 1–39 above as though fully set forth herein.

41.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant DigiMedia regarding whether Canva infringes any claim of the '088 Patent.

42.    Canva does not infringe, and has not infringed, any claim of the '088 Patent.  For example, DigiMedia identified Canva's online visual communications and collaboration platform as infringing at least claim 14 of the '088 Patent in the Texas Litigation.  Claim 14 is reproduced below (brackets added):

> [14pre] A method for reducing transmission bandwidth requirements of a portable image capture device, the image capture device including means for establishing a communications connection on a network, the method comprising:
>
> [14a] a first time captured images are uploaded to a server, assigning by the server a respective image identifier to each of the captured images, wherein each of the images

is stored in an image file, each of the image files having a particular size;

[14b] receiving from the server the image identifiers assigned for each of the captured images and action information including at least one action that can be applied by the server to the uploaded images;

[14c] presenting an action control associated with the action based on the action information; and

[14d] in response to detecting a selection of the action control for applying the action to at least one of the uploaded images, transmitting the action and the image identifier assigned to the at least one uploaded image, rather than the image itself, from the portable image capture device to the server, thereby eliminating the need to retransmit the image and reducing transmission bandwidth.

43.    Canva does not infringe any claim of the '088 Patent because no Canva product or service meets or embodies at least the following claim limitations: [14a] a first time captured images are uploaded to a server, assigning by the server a respective image identifier to each of the captured images, wherein each of the images is stored in an image file, each of the image files having a particular size; [14b] receiving from the server the image identifiers assigned for each of the captured images and action information including at least one action that can be applied by the server to the uploaded images; [14c] presenting an action control associated with the action based on the action information; and [14d] in response to detecting a selection of the action control for applying the action to at least one of the uploaded images, transmitting the action and the image identifier assigned to the at least one uploaded image, rather than the image itself, from the portable image capture device to the server, thereby eliminating the need to retransmit the image and reducing transmission bandwidth.

44.    Canva is entitled to a judgment declaring that it does not infringe any claim of the '088 Patent.  Canva has no adequate remedy at law.

## COUNT II

## Declaratory Judgment of Non-Infringement of the '514 Patent (against DigiMedia)

45.    Canva re-alleges and incorporates each of the allegations in Paragraphs 1–39 above as though fully set forth herein.

46.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant DigiMedia regarding whether Canva infringes any claim of the '514 Patent.

47.    Canva does not infringe, and has not infringed, any claim of the '514 Patent.  For example, Digimedia identified Canva's online visual communications and collaboration platform as infringing at least claim 1 of the '514 Patent in the Texas Litigation.  Claim 1 is reproduced below (brackets added):

> [1pre] A method for reducing storage and transmission bandwidth requirements of a portable image capture device, the image capture device including means for establishing a communications connection on a network, the method comprising:
>
> [1a] receiving captured images uploaded from the image capture device to a hardware server on the network;
>
> [1b] assigning an image identifier to the uploaded images by the hardware server;
>
> [1c] downloading the image identifiers to the image capture device for association with the corresponding uploaded image;
>
> [1d] downloading action information to the image capture device including at least one action that can be applied by the hardware server to the uploaded images; and
>
> [1e] receiving a request from the portable image capture device to apply the action to at least one of the uploaded images, wherein the request includes the image identifier assigned to the at least one uploaded image and the requested action rather than the image itself, thereby eliminating the need to retransmit the image and reducing transmission bandwidth.

48.     Canva does not infringe any claim of the '514 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] receiving captured images uploaded from the image capture device to a hardware server on the network; [1b] assigning an image identifier to the uploaded images by the hardware server; [1c] downloading the image identifiers to the image capture device for association with the corresponding uploaded image; [1d] downloading action information to the image capture device including at least one action that can be applied by the hardware server to the uploaded images; and [1e] receiving a request from the portable image capture device to apply the action to at least one of the uploaded images, wherein the request includes the image identifier assigned to the at least one uploaded image and the requested action rather than the image itself, thereby eliminating the need to retransmit the image and reducing transmission bandwidth.

49.     Canva is entitled to a judgment declaring that it does not infringe any claim of the '514 Patent.  Canva has no adequate remedy at law.

## COUNT III

## Declaratory Judgment that Canva Does Not Infringe the '965 Patent (against DigiMedia)

50.     Canva re-alleges and incorporates each of the allegations in Paragraphs 1–39 above as though fully set forth herein.

51.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant DigiMedia regarding whether Canva infringes any claim of the '965 Patent.

52.     Canva does not infringe, and has not infringed, any claim of the '965 Patent.  For example, DigiMedia identified Canva's online visual communications and collaboration platform as infringing at least claim 1 of the '965 Patent in the Texas Litigation.  Claim 1 is reproduced below (brackets added):

[1pre] A method for reducing storage and network transmission bandwidth requirements of a portable image capture device, the method comprising:

[1a] receiving a captured image uploaded from the image capture device to a photo-sharing service via at least one hardware server via a network;

[1b] providing, to the image capture device, an image identifier assigned to the uploaded image by the photo-sharing service;

[1c] providing action information for download to the image capture device including at least one action that can be performed by the photo-sharing service for the uploaded image; and

[1d] receiving a request from the portable image capture device to perform the action for the uploaded image, wherein the request includes the image identifier assigned to the uploaded image and information identifying the requested action rather than the image itself, thereby eliminating a need to retransmit the image and reducing transmission bandwidth.

53.     Canva does not infringe any claim of the '965 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] receiving a captured image uploaded from the image capture device to a photo-sharing service via at least one hardware server via a network; [1b] providing, to the image capture device, an image identifier assigned to the uploaded image by the photo-sharing service; [1c] providing action information for download to the image capture device including at least one action that can be performed by the photo-sharing service for the uploaded image; and [1d] receiving a request from the portable image capture device to perform the action for the uploaded image, wherein the request includes the image identifier assigned to the uploaded image and information identifying the requested action rather than the image itself, thereby eliminating a need to retransmit the image and reducing transmission bandwidth.

54.     Canva is entitled to a judgment declaring that it does not infringe any claim of the '965 Patent. Canva has no adequate remedy at law.

## COUNT IV

## Declaratory Judgment that Canva Does Not Infringe the '778 Patent (against DigiMedia)

55.    Canva re-alleges and incorporates each of the allegations in Paragraphs 1–39 above as though fully set forth herein.

56.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Canva and Defendant DigiMedia regarding whether Canva infringes any claim of the '778 Patent.

57.    Canva does not infringe, and has not infringed, any claim of the '778 Patent.  For example, DigiMedia identified Canva's online visual communications and collaboration platform as infringing at least claim 1 of the '778 Patent in the Texas Litigation.  Claim 1 is reproduced below (brackets added):

> 1[pre] A method, comprising:
>
> [1a] providing, by an online service using at least one server to an image capture device, action information corresponding to an action that the online service is configured to perform on images;
>
> [1b] receiving an image uploaded from the image capture device to the online service;
>
> [1c] storing the image in an image set corresponding to the image capture device;
>
> [1d] receiving, at the online service using the at least one server from the image capture device, a request to perform the action on the image; and
>
> [1e] transmitting, to the image capture device, an image identifier assigned by the online service to the image in response to receiving the request;
>
> [1f] wherein the image identifier uniquely identifies the image in the image set.

58.    Canva does not infringe any claim of the '778 Patent because no Canva product or service meets or embodies at least the following claim limitations: [1a] providing, by an online service using at least one server to an

image capture device, action information corresponding to an action that the online service is configured to perform on images; [1b] receiving an image uploaded from the image capture device to the online service; [1c] storing the image in an image set corresponding to the image capture device; [1d] receiving, at the online service using the at least one server from the image capture device, a request to perform the action on the image; [1e] transmitting, to the image capture device, an image identifier assigned by the online service to the image in response to receiving the request; and [1f] wherein the image identifier uniquely identifies the image in the image set.

59.    Canva is entitled to a judgment declaring that it does not infringe any claim of the '778 Patent.  Canva has no adequate remedy at law.

## COUNT V

### Violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-770 et *seq.* (against DigiMedia and IP Investments)

60.    Canva re-alleges and incorporates each of the allegations in Paragraphs 1–39 above as though fully set forth herein.

61.    Defendants DigiMedia and IP Investments have each made bad faith assertions of patent infringement against Canva by sending the Demand Letter asserting infringement of the Patents-in-Suit and proposing that Canva should license the Patents-in-Suit as well as the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" for $200,000.  Ex. I, at p. 2.

62.    Defendant IP Investments acted as Defendant DigiMedia's agent in sending the Demand Letter.

63.    Defendants have not withdrawn their bad faith assertions of patent infringement.

64.    The Georgia Fair Business Practices Act, O.C.G.A. § 10-1-771, requires that a party asserting charges of infringement provide detailed, factual

support for the charges. The letter must provide "[f]actual allegations concerning the specific areas in which the target's products, services, and technology infringe the patent or are covered by the claims in the patent."

65.    O.C.G.A. § 10-1-773 provides for a private right of action for violations of Section 771, with remedies including injunctive relief, and general and exemplary damages including punitive damages and expenses of litigation.

66.    Defendants' Demand Letter violated Section 10-1-771 and was in bad faith, for at least the reasons provided in this paragraph, and in paragraphs 67-73 herein. The Demand Letter failed to provide the requisite factual allegations and infringement claim charts allegedly supporting the claims of infringement for either the Patents-in-Suit or for the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios." Ex. I. The objective evidence shows that Defendants sent the letter in bad faith, at least because the Canva online visual communications and collaboration platform does not infringe the Patents-in-Suit based on a plain reading of the independent claims.

67.    Defendants' Demand Letter does not identify that patent numbers of the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" that IP Investments offers to license to Canva. *See* Ex. I, at p 2.

68.    Defendants' Demand Letter fails to provide the address for Defendant DigiMedia.

69.    Defendants' Demand Letter also fails to provide the addresses of the owners and/or assignees of the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" and does not state which patents are owned by or assigned to which entities. *See* Ex. I, at p 2.

70.    Defendants' Demand Letter offers to license the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" for $200,000,

an amount that, upon information and belief, is not based on a reasonable estimate of the value of these patents.

71.    Defendants' Demand Letter makes an assertion of patent infringement that is meritless, at least because the Canva online visual communications and collaboration platform does not infringe based on a plain reading of the independent claims and because Defendants' Demand Letter and lawsuit were directed at a Canva-related entity, Canva Pty Ltd, that cannot be liable for infringement of Defendants' US patent because it has no US operations.  On information and belief, Defendants knew or should have known that the Canva online visual communications and collaboration platform does not infringe based on a plain reading of the independent claims and knew or should have known that Canva Pty Ltd could not be liable for patent infringement at least due to Canva's publicly available terms of use, which provide that "If your billing address is in the United States: The Canva entity entering into these Terms is Canva US, Inc.  Legal notices should be sent to 3212 E. Cesar Chavez Street, Building 1, Suite 1300, Austin, TX 78702, United States of America."  Ex. J, at p. 6 (https://www.canva.com/policies/terms-of-use/).  On information and belief, Defendants therefore knew or should have known that their assertions of patent infringement are meritless.

72.    Upon information and belief, no reasonable analysis of either infringement or validity of the Patents-in-Suit was performed, as any reasonable analysis would have showed that the assertion of the Patents-in-Suit was meritless.

73.    Upon information and belief, no reasonable analysis of either infringement or validity of the remainder of the "approximately 800 patent assets" that make up the "Brainbox-related patent portfolios" was performed.

74.    As a result of the bad faith Demand Letter, Canva has suffered actual damages including but not limited to the time, expense, and attorneys' fees

incurred in analyzing the infringement claims, analyzing the validity of the Patents-in-Suit, and drafting and prosecuting this Complaint.

75.   Canva therefore requests compensatory, statutory, and exemplary damages against the Defendants, in the maximum manner and amount authorized by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Canva respectfully requests the following relief:

   a.   A declaration that Canva has not infringed and does not infringe the claims of the Patents-in-Suit;

   b.   An award of Canva's costs and, under at least 35 U.S.C. § 285, Canva's attorneys' fees for its declaratory judgment claims;

   c.   An injunction against Defendants threatening Canva with claims of infringement of the Patents-in-Suit in the future;

   d.   Actual damages under O.C.G.A. § 10-1-773, including but not limited to the time, expense, and attorneys' fees incurred in analyzing the Demand Letter, Defendants' infringement allegations, and the validity of the Patents-in-Suit, drafting the Complaint, defending the Texas Litigation, and prosecuting this case;

   e.   Punitive damages permitted by O.C.G.A. § 10-1-773, including $50,000 or three times the combined total of damages, costs, and fees, whichever is greater; and

   f.   Any other relief as the Court may deem proper.

## **JURY DEMAND**

Canva hereby demands jury trial on all issues properly heard by a jury.

Dated: September 10, 2025                    Respectfully submitted,

                                            TURNER BOYD SERAPHINE LLP

                                            */s/ Marla Butler*
                                            Jennifer Seraphine (*pro hac vice pending*)
                                            seraphine@turnerboyd.com
                                            Jacob Zweig (*pro hac vice pending*)
                                            zweig@turnerboyd.com
                                            TURNER BOYD SERAPHINE LLP
                                            155 Bovet Road, Suite 600
                                            San Mateo, California 94402
                                            Telephone: (650) 521-5930

                                            Marla Butler (Georgia Bar No. 099,917)
                                            Marla.Butler@thompsonhine.com
                                            James Rollins (Georgia Bar No. 776,439)
                                            James.Rollins@thompsonhine.com
                                            THOMPSON HINE LLP
                                            Two Alliance Center
                                            3560 Lenox Road, NE Suite 1600
                                            Atlanta, GA 30326-4266
                                            Telephone: (404) 407-3680


                                            *Attorneys for Plaintiff Canva US, Inc.*